## WILL JONES v. THE STATE.

### No. 5042. Decided May 22, 1918.

**1.—Theft—Verdict—Sufficiency of the Evidence—Excessive Punishment.**

Where, upon trial of theft, the evidence was sufficient to sustain the conviction, and the punishment assessed by the jury was left within its discretion by the law, there was no reversible error.

**2.—Same—Evidence—Bill of Exceptions—Rule Stated.**

In the absence of special exceptions, if the testimony was admissible for any purpose, there is no reversible error. Following Morgan v. State, recently decided.

**3.—Same—Identity of Defendant—Evidence.**

Upon trial of theft, there was no error in admitting testimony with reference to the matters that occurred between the purchaser of the alleged stolen goods and the seller thereof, and the conversations between them, in the instant case.

**4.—Same—Bill of Exceptions.**

Where a bill of exceptions was allowed and filed over two months after the adjournment of the trial court and without any order, the same can not be considered on appeal.

Appeal from the District Court of Grayson. Tried below before the Hon. C. T. Freeman.

Appeal from a conviction of theft; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

*E. W. Neagle,* for appellant.

*E. B. Hendricks*, Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of the theft of 730 pounds of brass, and awarded ten years in the penitentiary.

It is contended, first, that the evidence is not sufficient; and, second, that the verdict is excessive. These were made grounds of the motion for new trial, and exception was reserved to the court's action overruling these grounds of the motion. The bills of exception add nothing to the force and effect of the action of the court overruling the motion for new trial upon these grounds. We are of opinion that the evidence is sufficient. Under our authorities it seems that it was within the discretion of the jury to assess the punishment, and it is rarely the case where a verdict is set aside because of excessive punishment, where the statute gives a graduated punishment from a minimum to a maximum number of years.

The case is one of circumstantial evidence. The property was taken from one of the shops of the Katy railroad at Denison. Appellant testified and it is shown that he carried this brass from Denison to Dallas and sold it. He claims to have taken it for a man named Morrison, who delivered it to him for the purpose of selling it in Dallas. Appellant employed a chauffeur with a car and in this car or auto he carried the property from Denison and sold it in Dallas. There was some uncertainty about his identification as the party who made the trade with the purchaser in Dallas. There is no uncertainty as to the fact he was in the car with the chauffeur when they drove to Dallas and when the sale was made and that he hired the car for that purpose. The seller directed the purchaser to mail the check to Denison to Tom Morrison, ordering it to be drawn in Morrison's name. Later appellant and two other parties went near the postoffice in Denison, and appellant directed one of the parties to go to the postoffice and call for the letter to Morrison. The officers immediately arrested appellant and the party who called for the letter. Appellant testified to the fact that Morrison induced him to carry this property to Dallas and sell it. Morrison was not identified and connected with it otherwise. There is some evidence to the effect that such a negro as Morrison was not known to the officers and people around Denison. It was claimed Morrison lived in Oklahoma and brought this brass to Denison and induced appellant to carry it to Dallas and sell it for him. Appellant paid the chauffeur $18, or agreed to pay him $18, to carry him to Dallas to make the sale.

The witness Craig, after testifying that he had been deputy sheriff of Grayson County for eight years, and had been special officer for the Missouri, Kansas & Texas Railway Company, and had been chief of police during the portion of the time he lived in Denison, was asked by the county attorney if in his experience as an officer he came in contact with the citizenship of Denison and the negroes of Denison. He answered both questions in the affirmative. He was then asked if he knew or had known a negro named Tom Morrison living in Denison. He

answered in the negative. Objection was urged to this on the ground that it was irrelevant and immaterial and just an opinion and conclusion of the witness. It was a fact whether he knew Tom Morrison or not and not his conclusion. The objections on the ground of irrelevancy and immateriality may be treated as general demurrers. If this testimony was admissible for any purpose these objections were not well taken. No special exceptions were urged. There was no error in this matter. Morgan v. State, recently decided.

There is quite a lengthy bill of exceptions containing questions propounded to the purchaser at Dallas and his answers with reference to the matters that occurred between himself and the seller and the conversations. This all was directed to the identity of the appellant as being the party in Dallas. We think it unnecessary to repeat this lengthy bill, but the testimony was admissible. The court qualifies this bill with this statement: "The defendant testified that he delivered to the dealer at Dallas the brass for which the check to Morrison was sent and that he directed the purchaser of the brass at Dallas to mail the check for same to Tom Morrison at Denison." We think with this explanation and defendant's testimony in connection with it, which is verified by the record, that this testimony was admissible.

Bill of exceptions No. 7 will not be considered. The bill was qualified with this statement by the court: "The term of court at which this case was tried finally adjourned on February 2, 1918. This bill of exceptions was presented to me upon April 5, 1918, and was never in any manner presented or called to my attention before, and is now when first presented allowed and ordered filed herein." The court allowed the bill and ordered it filed with that statement. This was something over two months after the adjournment of court. There is no order in the record allowing the bill of exceptions to be so filed. The bill, therefore, came too late and can not be considered.

We are of opinion the judgment should be affirmed and it is accordingly so ordered.

*Affirmed.*